## Bowens, et al. v. Bowens, et al.

(Decided May 7, 1913.)

### Appeal from Knott Circuit Court.

Deeds—Consideration—Finding of Chancellor—Evidence.—In an action by the widow and all of the other children seeking to have it adjudged that J. E. Bowens to whom decedent conveyed the land in controversy, took the property in trust for the use and benefit of all the children, held, the evidence supports the finding of the chancellor that there was a valuable consideration for the deed. The evidence is to the effect that the son should care for the widow and the infant children, and the fact that appellants acquiesced in his possession for ten years before bringing the suit, tends to show that this was in fact the real consideration for the deed.

SMITH A. COMBS and J. D. SMITH for appellants.

WOOTTON & MORGAN and JOHN M. BAKER for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Joseph Bowens died in September, 1901, leaving a widow and ten children surviving him, eight of the latter by a former wife, and two infants, the children of the surviving widow.

Three months before his death he executed a deed to his oldest son for his little mountain farm of about one hundred acres. At the time of the execution of this deed he was in very delicate health, and realized that he only had a short time to live, and from all the circumstances surrounding him at that time, it is evident that his chief concern was as to the care of his widow and these two infant children.

At the time of this conveyance the property conveyed was worth only from $300 to $500, but ten years later when this suit was instituted it had increased considerably in value.

This suit was instituted by the widow for herself, and as next friend for her two infant children, and all the other children of the decedent, against J. E. Bowens, and his sister, Rose Amburgey, seeking to have it adjudged that J. E. Bowens held the property in trust for the use and benefit of all the children of the decedent. Rose Amburgey while nominally a defendant joined in with the plaintiffs and aided them in the prosecution of this suit, and testified in their behalf.

J. E. Bowens answered denying that he held the property in trust, and pleading affirmatively that the consideration therefor was the agreement upon his part with his father to take care of and support his widow as long as she remained such, and the two infant children, who at the time of his father's death were aged respecticely two and four years. He says that he did take care of the widow until she remarried, which, however, was only a few weeks after the death of his father; and he says that immediately after his father's death, he took both of said infant children to his own home and has cared for and maintained them ever since, and is still doing so. He also pleaded the five and ten years statutes of limitation.

Considerable evidence was taken, and the chancellor below dismissed the plaintiffs' petition thereby, in effect, holding that there was a valuable consideration for the deed.

The preponderance of the evidence, and the facts and circumstances all support the finding of the chancellor;

the recording of the deed at least a month before the death of Joseph Bowens; the fact that J. E. Bowens took the two infant children and has kept them ever since; that he aided the widow during the short period of her widowhood; that the decedent told the draftsman of the deed at the time it was made that his son would have to take care of the widow and the two infants, and that for that reason he was conveying the land to him; and the fact that appellants acquiesced in his possession of the land for ten years before bringing this suit, all tend strongly to show that this was in fact the real consideration of the deed.

Our view of the merits of this case makes it unnecessary to pass upon the question of limitation raised by the appellee.

Judgment affirmed.